IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 08 2014
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

| | |
|---|---|
| Francois Lawrence, | : |
| Plaintiff, | : Civil Action No: 14-5215 TLB |
| v. | : COMPLAINT AND DEMAND FOR JURY TRIAL |
| Navient Solutions Inc. f/k/a Sallie Mae, Inc. | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Francois Lawrence, by undersigned counsel, states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 related to Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA"). (Mims v. Arrow Financial Services LLC 132 S. Ct. 740 (2012))

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in this District and that all the calls made by Defendant, which are the subject matter of this complaint, were to a cellular phone located in this District.

### PARTIES

3. Francios Lawrence is an adult, natural person, who resides in Prairie Grove, Arkansas (hereinafter referred to as "Plaintiff").

4. The Defendant, Navient Solutions Inc. f/k/a Sallie Mae, Inc. ("Sallie Mae" or "Defendant") is believed to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 300 Continental Drive Newark DE 19713.

### FACTS

5. From and after July 1, 2013, Plaintiff owned and used a cellular phone which had the capacity to receive telephone calls placed to the assigned number 479-xxx-5224 utilizing the cellular telephone services offered by service provider "Straight Talk Wireless" (hereinafter "Plaintiff's Cell Phone").

6. At all times relevant to this Complaint, the Defendant has used, controlled and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. §227(a)(1) (hereinafter "Defendant's ATDS").

7. Plaintiff received on Plaintiff's Cell Phone each of the calls indentified on Exhibit "A" (attached hereto and incorporated herein). Each such call was identified on Plaintiff's Cell Phone's caller I.D., as well as Plaintiff's call log, as being placed from number 513-605- 7539. As to each such call, when Plaintiff either answered the call directly or retrieved from voicemail the message, an artificial or pre-recorded voice began speaking to Plaintiff. Plaintiff believes, and therefore alleges that the phone number 513-605-7539 belongs to Defendant and each such call was originated by Defendant's ATDS.

8. Plaintiff received on Plaintiff's Cell Phone each of the calls indentified on Exhibit "B" (attached hereto and incorporated herein). Each such call was identified on Plaintiff's Cell Phone's caller I.D., as well as Plaintiff's call log, as being placed from number 585-492- 8294. As to each such call, when Plaintiff either answered the call directly or retrieved from voicemail the message, an artificial or pre-recorded voice began speaking to Plaintiff. Plaintiff believes, and therefore alleges that the phone number 585-492-8294 belongs to Defendant and each such call was originated by Defendant's ATDS.

9. Plaintiff received on Plaintiff's Cell Phone each of the calls indentified on Exhibit "C" (attached hereto and incorporated herein). Each such call was identified on Plaintiff's Cell Phone's caller I.D., as well as Plaintiff's call log, as being placed from number 703-984-5755. As to each such call, when Plaintiff either answered the call directly or retrieved from voicemail the message, an artificial or pre-recorded voice began speaking to Plaintiff. Plaintiff believes, and therefore alleges that the phone number 703-984-5755 belongs to Defendant and each such call was originated by Defendant's ATDS.

10. Plaintiff received on Plaintiff's Cell Phone both of the calls indentified on Exhibit "D" (attached hereto and incorporated herein). Both calls were identified on Plaintiff's Cell Phone's caller I.D., as well as Plaintiff's call log, as being placed from number 765-283-3406. As to both calls, when Plaintiff either answered the call directly or retrieved from voicemail the message an artificial or pre-recorded voice began speaking to Plaintiff. Plaintiff believes, and therefore alleges that the phone number 765-283-3406 belongs to Defendant and each such call was originated by Defendant's ATDS.

11. Plaintiff received on Plaintiff's Cell Phone the call indentified on Exhibit "E" (attached hereto and incorporated herein). Said call was identified on Plaintiff's Cell Phone's caller I.D., as well as Plaintiff's call log, as being placed from number 734-742-1035. That call, either answered directly or retrieved from voicemail contained an artificial or pre-recorded voice. Plaintiff believes, and therefore alleges that the phone number 765-283-3406 belongs to Defendant and each such call was originated by Defendant's ATDS.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *et seq.*

12. The allegations of paragraphs 1-11 above are realleged and incorporated herein by reference.

13. The Plaintiff was granted a private right of action pursuant to 47 U.S.C. §227(b)(3) to pursue violations of the TCPA.

14. Upon the two-way or duplex connection of Plaintiff's Cell Phone to the calls enumerated herein, Plaintiff either heard an artificial or prerecorded voice which Plaintiff alleges did occur because an automated dialing system originated the call. Each discreet call set forth herein was a violation of 47 U.S.C. §227(b)(1)(A) in that they were placed by automated dialing system to Plaintiff's Cell Phone, and Plaintiff was damaged thereby.

15. At no time did Plaintiff consent to Defendant placing automated calls to Plaintiff's Cell Phone through the use of an automated dialing system.

16. For each distinct violation of 47 U.S.C. §227(b), Plaintiff is entitled to recover Plaintiff's actual damages or statutory damages, whichever is greater. Plaintiff need not plead or prove negligence or willfulness according to 47 U.S.C. §227(b)(3)(B) for Plaintiff to establish his prima facie case.

17. Plaintiff believes, and therefore alleges, that Defendant purposely and intentionally acquired equipment, software and systems to give Defendant the capacity to automatically dial phones of various consumers, including Plaintiff's Cell Phone and including the calls set forth herein. Such purposeful acts and knowing intent to cause those acts, shall, in the discretion of the Court, make the Defendant liable for treble damages pursuant to 47 U.S.C. §227(b)(3).

**WHEREFORE,** the Plaintiff having set forth his claim for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendant statutory damages of $500 per violation of the Telephone Consumer Protection Act as codified as 47 U.S.C. §227(b)(3)

B. Treble damages be awarded for each violation as willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3).

C. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney and such other remedies and relief as may be determined by the court.

Dated this the 8th day of July, 2014.

/s/ Todd F. Hertzberg
Todd F. Hertzberg
Hertzberg Law Firm of Arkansas, P.A.
Attorney for the Plaintiffs
AR State Bar No. 2008268
112 W. Center Street, STE 550
Fayetteville, AR 72701

Phone (479) 303-5555
Fax (888) 456-6985
e-mail: toddhertzberg@yahoo.com

## CERTIFICATE OF SERVICE

I, Todd Hertzberg hereby certifies to the court as follows:
1. I am not a party to this case;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **COMPLAINT,** on the parties listed below by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person or entity as indicated below on the 8th day of July, 2014.

Francois Lawrence
202 Commercial St, Apt. 1
Prairie Grove, AR 72753

John F Remondi, CEO
Navient Solutions, Inc.
300 Continental Drive
Newark DE 19713

/s/ Todd F. Hertzberg